IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DUSTIN GEORGE,**

Petitioner,

v.   Civil Action No. 3:17CV150

**COMMONWEALTH OF VIRGINIA,**

Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia inmate proceeding *pro se*, submitted a 28 U.S.C. § 2254 petition. (ECF No. 1.) Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or in a collateral proceeding. Petitioner states that he has not raised any of his claims within his § 2254 Petition in the Virginia courts. (§ 2254 Pet. 6–10 (as paginated by CM/ECF).) Thus, the record fails to indicate that Petitioner has properly exhausted his state court remedies with respect to his claims.

By Memorandum Order entered on March 14, 2017, the Court directed Petitioner, within eleven (11) days of the date of entry thereof, to show cause why the present § 2254 Petition should not be dismissed without prejudice for lack of exhaustion. The Court warned Petitioner that the failure to comply with the Court's directive would result in summary dismissal of the action.

On March 31, 2017, the Court received a letter from Petitioner that states only the following: "The Memorandum Order was filed March 14, 2017. Civil Action No. 3:17CV150 Dustin George v. Commonwealth of VA." (Letter 1, ECF No. 6 (capitalization corrected).) On April 17, 2017, the Court received a second letter from Petitioner that indicates he received the Court's March 14, 2017 Memorandum Order but fails to provide any pertinent argument in response to the directive to show cause. (Letter 1, ECF No. 7.) Petitioner failed to comply with the Court's directives to show good cause, within eleven (11) days of the date of entry thereof, why the present § 2254 Petition should not be dismissed without prejudice for lack of exhaustion. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Petitioner is entitled to further consideration in this matter. A certificate of appealability will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

/s/ M. Hannah Lauck
United States District Judge

Date: APR 2 0 2017
Richmond, Virginia

2